(C.D. 2547)

CHILDRENS HOSE, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided June 21, 1965)

*Jordan & Klingaman* (*Thomas J. McKenna*, associate counsel), for the plaintiff. *John W. Douglas*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, and *Sheila N. Ziff*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: Plaintiff, by instituting this action, seeks to recover a portion of a duty paid on certain nylon tights or leotards which were assessed with duty at the rate of 25 cents per pound and 35 per centum ad valorem under the provisions of paragraph 1309 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as underwear, knit, wholly or in chief value of rayon or other synthetic textile.

It is urged by plaintiff herein that the imported merchandise does not fall within the term "underwear," as provided for in paragraph 1309, as modified by T.D. 51802, etc., *supra*, but is more properly subject to classification as outerwear, and articles of all kinds, knit, wholly or in chief value of rayon or other synthetic textile, as provided for in said paragraph 1309, as modified by T.D. 52739, *supra*. Alternatively, plaintiff contends said merchandise, if not dutiable as above, is subject to classification under the provisions of paragraph 1311 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as clothing or wearing apparel of every description, not specially provided for, and, as such, subject to duty at the rate of 25 cents per pound and 27½ per centum ad valorem.

The pertinent portions of the statutes involved herein read as follows:

Paragraph 1309 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra:*

\* \* \* underwear, outerwear (not including gloves or mittens), and articles of all kinds, knit or crocheted, finished or unfinished, wholly or in chief value of rayon or other synthetic textile_____ 27½¢ per lb.\*
and 35% ad val.

Paragraph 1309 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, *supra:*

Outerwear, and articles of all kinds, knit or crocheted, finished or unfinished, wholly or in chief value of rayon or other synthetic textile (not including knit fabric in the piece, gloves, mittens, hose, half-hose, or underwear; and except hats, bonnets, caps, berets, and similar articles)_____ 25¢ per lb.
and 32½% ad val.

Paragraph 1311 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trades, *supra*:

Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of rayon or other synthetic textile, and not specially provided for_____ 25¢ per lb.
and 27½% ad val.

The record herein consists of the oral testimony of one witness called on behalf of plaintiff and three witnesses called on behalf of defendant, as well as a deposition of a witness on behalf of plaintiff, which was received in evidence as plaintiff's exhibit 3. In addition thereto, two samples of the imported merchandise, the same, except as to size, were received in evidence as plaintiff's exhibits 1 and 2. Two purchase orders were also received in evidence as defendant's collective exhibit "A." The testimony adduced herein establishes without contradiction that aside from specialized use of the imported leotards or tights, such as for dancing school, stage, or for athletics, they are used for warmth. There also appears to be no question that, at the time of trial, they were used by girls more than by women. The testimony of Miss Mary V. Bowers, taken by deposition, received in evidence as plaintiff's exhibit 3, as well as the testimony of Mrs. Elaine McTigue, is to the effect that they consider merchandise such as plaintiff's exhibits 1 and 2 to be outerwear. These women are buyers for children's wear for Marshall Field & Co. and R. H. Macy & Co., respectively. In addition thereto, Mr. David A. Swiger, called on behalf of defendant, admitted on questioning by the court that, as

---

\*NOTE: Paragraph 1309 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, *supra:*

NOTE: The specific part of the rate of duty applicable to any product provided for in paragraph 1309, Tariff Act of 1930, but not described above in this item shall be_____ 25¢ per lb.

far as children, small children, and infants are concerned, articles such as plaintiff's exhibits 1 and 2 are outerwear.

Mrs. Estelle Adler, lingerie buyer for Bloomingdale's and Mr. Melvin Aronson, lingerie buyer for R. H. Macy & Co., as well as Mr. Swiger, were of the opinion that merchandise such as plaintiff's exhibits 1 and 2 were underwear, insofar as use by women was concerned, with the exception of the specialized use for stage or athletics, in which event, Mrs. Adler consider their use as part of the costume.

There was basic agreement among all of the witnesses who were asked their opinion as to their understanding of the term, "underwear," which they consider to be any garment of an intimate nature, not seen, and worn under an outergarment, in the interest of modesty or comfort. It was also generally agreed that underwear was not for public exposure.

Counsel for the respective parties in their briefs have cited numerous definitions from various sources of the term, "underwear," which generally define the terms as a garment worn under outergarments, and some of which have the further requirement of its being worn next to the skin. In the case of *Max M. Myres et al.* v. *United States*, 9 Treas. Dec. 298, T.D. 26085, our predecessor, the Board of General Appraisers, had before it for consideration the proper classification of certain knit cotton underskirts under the Tariff Act of July 24, 1897. The court, in finding the underskirts to be underwear, quoted the definition of underwear from the Century Dictionary, which had no limitation requiring the garment to be worn next to the skin, and found that the definition was in perfect accord with the language and accepted understanding of the use of that term. Whether the merchandise involved herein is or is not worn next to the skin, is not deemed important for reasons which will be discussed, *infra.*

Whether imported leotards or tights are or are not underwear within the common meaning of that term, as used in the Tariff Act of 1930, is a matter of law and not an issue of fact. The court, in arriving at the common meaning of the term, is not bound by the testimony, which is merely advisory, and may resort to dictionary or other lexicographic sources, or draw upon its own knowledge of matters within its own understanding. *United States* v. *Florea & Co., Inc.*, 25 CCPA 292, T.D. 49396; *United States* v. *O. Brager-Larsen*, 36 CCPA 1, C.A.D. 388.

Notwithstanding the testimony adduced by plaintiff and the concession by Mr. Swiger, called on behalf of defendant, that, insofar as children are concerned, the imported leotards are outerwear, the court may take judicial notice of the fact that leotards or tights whether worn by children or women are designed to be at least partially utilized under an outergarment and partially exposed, depending upon the age of the wearer and the purpose for which they are worn. It would,

therefore, seem that if a portion of this imported merchandise is underwear, a portion of it is not underwear. By the same token, while the exposed portion may be outerwear, the portion concealed would not be outerwear. Therefore, the articles at bar are more than underwear and more than outerwear. They are, therefore, in fact "neither fish nor fowl."

The provisions of paragraph 1309 of the Tariff Act of 1930, as modified by the Torquay protocol, *supra*, under which claim is made, include in addition to outerwear, "* * *, and articles of all kinds, knit or crocheted, * * * (not including * * * mittens, hose, half-hose, or underwear; * * *)." By virtue of the classification herein, it is obvious that the imported leotards or tights are knit articles, wholly or in chief value of rayon or other synthetic textiles. Accordingly, this description more accurately fits the merchandise involved herein.

In view of the foregoing, it is unnecessary to consider plaintiff's alternative claim under paragraph 1311 of the Tariff Act of 1930, as modified, *supra*.

The protest is, accordingly, sustained and said merchandise is properly subject to duty at the rate of 25 cents per pound and 32½ per centum ad valorem as articles of all kinds, knit or crocheted, wholly or in chief value of rayon or other synthetic textile, under said paragraph 1309, as modified by T.D. 52739, *supra*.

Judgment will be entered accordingly.